FILED

**NOT FOR PUBLICATION**

NOV 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASPECT SYSTEMS, INC., an Arizona corporation,<br><br>       Plaintiff-counter-defendant - Appellee,<br><br>  v.<br><br>LAM RESEARCH CORP., a Delaware corporation,<br><br>       Defendant-counter-claimant - Appellant. | No. 09-16486<br><br>D.C. No. 2:06-cv-01620-NVW<br><br><br>MEMORANDUM[*] |

| | |
|---|---|
| ASPECT SYSTEMS, INC., an Arizona corporation,<br><br>       Plaintiff-counter-defendant - Appellee Cross-Appellant,<br><br>  v.<br><br>LAM RESEARCH CORP., a Delaware corporation,<br><br>       Defendant-counter-claimant - Appellant Cross-Appellee. | No. 09-16584<br><br>D.C. No. 2:06-cv-01620-NVW |

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted November 3, 2010
San Francisco, California

Before: ALARCÓN and RYMER, Circuit Judges, and TRAGER, Senior District Judge.[**]

Lam Research Corporation ("Lam") appeals from the judgment entered in favor of Aspect Systems, Inc. ("Aspect") following a trial by jury. Aspect cross-appeals contending that the district court erred in awarding Lam prejudgment interest on Aspect's unpaid amounts for the purchase of inventory. We affirm in part the judgment of the district court in favor of Aspect, and vacate and remand that portion of the judgment awarding prejudgment interest in favor of Lam.

I

In 2002, Aspect and Lam entered into an agreement wherein Lam would be "willing to sell certain assets and provide certain licenses under Lam's patents, copyrights, trade secrets and know-how" to Aspect for "manufactur[ing], refurbish[ing], servicing and repair[ing] of AutoEtch and Drytek machines."

_____

[**]The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

2

Although the contract specifically stated that Aspect was acquiring all the assets in Exhibit A, it is undisputed that no such exhibit was attached to the 2002 agreement. After the parties entered into the agreement, Aspect complained to Lam that it failed to deliver certain parts, and that certain parts were obsolete and unusable. On June 25, 2004, due to Aspect's complaints, the parties agreed to amend the 2002 agreement.

On June 6, 2006, after Lam terminated the parties' contract, Aspect filed an action against Lam in state court claiming breach of contract, a violation of the covenant of good faith and fair dealing, fraud, conversion, unjust enrichment, and tortious interference with contract and business relations. On June 26, 2006, Lam removed this action to federal court based on diversity jurisdiction.

On July 3, 2006, Lam filed a motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking to dismiss all of Aspect's claims except for the breach of contract claim. On September 19, 2006, the district court dismissed with prejudice Aspect's claims for conversion, unjust enrichment, and tortious interference with contract and business relations. The district court granted Aspect leave to amend its fraud claim. On October 6, 2006, Aspect filed an amended complaint asserting claims for breach of contract and fraud. On October 24, 2006, Lam filed a counterclaim in which it alleged that "Aspect has

3

failed and refused to make royalty payments to Lam Research as agreed." Lam also asserted that Aspect failed to make payments for the "purchase of parts."

After both parties filed cross-motions for summary judgment, the district court allowed the case to proceed to trial on Aspect's claim for breach of contract. The district court determined that Aspect's fraud claims were time barred by the statute of limitations and granted summary judgment in favor of Lam with respect to Aspect's fraud claims.

At the close of Aspect's case, Lam moved for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure. The district court denied the motion in part, and granted it in part. It held that Lam's motion was granted only as to its "argument that the 2004 agreement resolved the amount Aspect owed to Lam for the physical inventory that Lam actually delivered to Aspect and that Aspect never returned." At the conclusion of trial, the jury returned a verdict in favor of Aspect in the amount of $4,526,500.00. Following trial, Lam renewed its motion for judgment as a matter of law and also moved for a new trial. Lam asserted that, since Aspect failed to produce Exhibit A at trial, Aspect could not prove its claim for breach of contract. The district court denied the motions.

## II

Lam argues that the district court erred in determining that parol evidence was necessary to determine the parties' intent under the 2002 agreement because paragraph 18 of the agreement indicates "that the written agreement alone would control." (Appellant's Br. at 19). Lam also contends that the district court erred in determining that the parties' 2002 agreement was susceptible to Aspect's interpretation that Lam was to transfer "everything Aspect needed to succeed in the manufacture, refurbishment, servicing and repair of AutoEtch and DryTek machines." (Id. at 18). Lam asserts further that the district court erred by "instruct[ing] the jury that it alone could decide what the parties's agreement was—and if it could not reach a conclusion, it should decide against Lam Research." (Id. at 20).

"We review de novo the district court's denial of a Rule 50(b) renewed motion for judgment as a matter of law." *White v. Ford Motor Co.,* 312 F.3d 998, 1010 (9th Cir. 2002) (footnote omitted). Under California law, "[t]he test of admissibility of extrinsic evidence to explain the meaning of a written instrument is not whether it appears to the court to be plain and unambiguous on its face, but whether the offered evidence is relevant to prove a meaning to which the language

5

of the instrument is reasonably susceptible." *Dore v. Arnold Worldwide, Inc.*, 139 P.3d 56, 60 (Cal. 2006) (quotation omitted).

## A

It is undisputed that Exhibit A was never attached to the parties' agreement. Without Exhibit A it is impossible to ascertain clearly the assets purchased by Aspect. The district court correctly determined that "it was necessary to permit the use of extrinsic evidence at trial to help clarify the intentions of the parties at the time the contract was signed and properly interpret the written language of the agreement."

## B

Lam also maintains the district court erred in instructing the jury. Contrary to Lam's contention, the district court did not allow the jury to vary from the terms of the 2002 agreement. Rather it clearly instructed the jury to use extrinsic evidence properly, i.e., "to prove a meaning to which the language of the instrument is reasonably susceptible." *Dore*, 139 P.3d at 60.

## III

Lam further asserts that "[t]he viability of [Aspect's] claims [for breach of contract] under the 2002 Agreement depended on proof of an agreed Exhibit A list of Asserts." (Appellant's Br. at 24). It asserts that, since Aspect failed to provide Exhibit A, Aspect could not prove its claim for breach of contract.

We agree with the district court that while the parties' 2002 agreement required Lam to sell certain inventory parts described in Exhibit A, other provisions of the agreement and testimonial evidence indicate that Lam was also transferring the AutoEtch and Drytek business to Aspect. Portions of the contract state that Lam was granting Aspect rights to trade secrets and know-how, not just parts. The district court did not err in determining that Aspect could prove its claim for breach of contract without producing Exhibit A.

IV

Lam argues that Aspect failed to prove the amount of its lost profits with reasonable certainty. "The award of damages for loss of profits depends upon whether there is a satisfactory basis for estimating what the probable earnings would have been had there been no [breach]." *Kids' Universe v. In2Labs,* 116 Cal. Rptr. 2d 158, 168 (Cal. Ct. App. 2002) (citation omitted). "It is enough to

7

demonstrate a reasonable probability that profits would have been earned except for the defendant's conduct." *Id.* (citation omitted).

The record shows that Aspect produced evidence of historical revenue data for the AutoEtch and Drytek lines. The record also shows that Aspect lost revenue as a result of Lam's failure to deliver certain parts to Aspect. The district court did not err in determining that Aspect proved its lost profits with reasonable certainty.

V

Lam asserts that the district court erred in determining that Aspect properly disclosed its damages calculation in accordance with Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure. Lam argues that the district court erred by "deeming Aspect's mediation statement [regarding damages calculation] an adequate damages disclosure." (Appellant's Br. at 42). "[A]lthough we review every discovery sanction for an abuse of discretion, we give particularly wide latitude to the district court's direction to issue sanctions under Rule 37(c)(1)." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

It was not an abuse of discretion for the district court to rule that the mediation memorandum was an adequate damage disclosure. It notified Lam of

Aspect's methodology for computing damages even if the memorandum was not admissible evidence.

In addition, contrary to Lam's contention, the district court did not allow Aspect to depart from the damages methodology it disclosed prior to trial. When the district court denied Lam's motion in limine to preclude Aspect from offering any computation of damages at trial, the district court ruled that Aspect was limited as to the "general structure and methodology [it] disclosed" in its mediation memorandum.

VI

Aspect cross-appeals from the district court's award to Lam of prejudgment interest on amounts owed by Aspect to Lam for inventory that was never returned to Lam. Lam concedes that the award of prejudgment interest was erroneous.

Conclusion

We affirm in part the judgment of the district court in favor of Aspect, and remand with instructions to enter an amended judgment in favor of Aspect in the amount of $4,526,500.00. We vacate the judgment of the district court awarding prejudgment interest in the amount of $101,251.31 in favor of Lam.

9

**AFFIRMED In Part, REMANDED In Part, and VACATED In Part.**

Each party shall bear its own costs.